## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **SAMANTHA LORENZEN,** | ) | **Civil Action No.: 1:18-cv-847** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **VOLVO GROUP NORTH AMERICA,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and Title I of the Civil Rights Act of 1991 to provide appropriate relief to SAMANTHA LORENZEN ("Plaintiff" or "Lorenzen"), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff alleges that VOLVO GROUP NORTH AMERICA, LLC ("Defendant" or "Volvo") subjected Lorenzen to direct discrimination on the basis of age and her sex, female.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized and instituted pursuant to: Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e(f)(1) and (3), to Section 630(f) of the ADEA, 29 U.S.C. § 630(f), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

### **PARTIES**

3. Plaintiff is a natural person and citizen of the United States, domiciled in the State of North Carolina and the City of McLeansville.

4. At all relevant times, Plaintiff was aged more than forty (40) years old.

5. At all relevant times, Plaintiff was an employee of Volvo as defined in Section 630(f) of the ADEA, 29 U.S.C. § 630(f).

6. At all relevant times, Defendant, a Delaware limited liability company, has continuously been doing business in the State of North Carolina and the City of Greensboro including, without limitation, maintaining its registered and principal offices there, and has continuously had at least twenty (20) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8. On or about 8 August 2017 and more than thirty (30) days prior to the institution of this lawsuit, Lorenzen filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Volvo.

9. The above-given filing date, 8 August 2017 was within 180 days of the conduct giving rise to this action.

10. On or about 11 July 2018, EEOC issued Plaintiff a Dismissal and Notice of Rights.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## BACKGROUND

12. Plaintiff is a white female employee of Defendant, aged fifty-three (53) who has worked for Volvo since June 2008, spending her tenure with Defendant in various logistics positions within the Americas Region and in the Transport Network & Optimization Division.

13. Plaintiff has over twenty (20) years of overall experience in logistics, approximately seven (7) of which were with Volvo as a logistics engineer. Her current position is in logistics purchasing as a Regional Buyer, which she has held since November 2015.

14. In or around January 2013, Plaintiff completed Volvo's Emerging Leader Program, a nomination-only program specifically designed to open high-level leadership opportunities to Volvo employees.

15. In or around June 2017, Plaintiff applied for a promotion to two separate (2) positions within Volvo: (1) Transport Materials Director and (2) Head of Transport Flow Optimization.

16. For the Transport Materials Director position, Defendant hired a male employee with a longer tenure at Volvo.

17. For the Head of Transport Flow Optimization position, Defendant hired a male employee, then aged thirty (30) years old or less, Patrick Brown, who had been previously trained by Lorenzen.

18. Volvo would not disclose whether any female candidates were interviewed for either position.

19. Volvo would not disclose whether any candidates over the age of forty (40) were interviewed for the Head of Transport Flow Optimization position.

<u>FIRST CLAIM FOR RELIEF</u>
(Sex-Based Failure to Promote in Violation of Title VII)

20. The allegations set forth in Paragraphs 1 through 17 above are hereby re-alleged in full and incorporated herein as if fully restated.

21. Lorenzen is a member of a protected group, to wit: female employees.

22. Lorenzen applied for the positions of Transport Materials Director and Head of Transport Flow Optimization.

23. Lorenzen was qualified for both of the aforesaid positions.

24. Defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination on the basis of sex, to wit: both positions were filled by male employees.

25. The effect of Defendant's conduct was to deprive Plaintiff of equal employment opportunities and otherwise affect her status as an employee because of her sex.

26. The unlawful practices complained of above were intentional.

27. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lorenzen.

SECOND CLAIM FOR RELIEF
(Age-Based Failure to Promote in Violation of the ADEA)

28. The allegations set forth in Paragraphs 1 through 27 above are hereby re-alleged in full and incorporated herein as if fully restated.

29. Lorenzen is a member of a protected group, to wit: employees greater than forty (40) years old.

30. Lorenzen applied for the position of Head of Transport Flow Optimization.

31. Lorenzen was qualified for the aforesaid position.

32. Defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination on the basis of age, to wit: the position was filled with a employee aged twenty-nine (29) years old.

33. The effect of Defendant's conduct was to deprive Plaintiff of equal employment opportunities and otherwise affect her status as an employee because of her age.

34. The unlawful practices complained of above were intentional.

35. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lorenzen

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and persons aged over forty (40)

years old and which eradicate the effects of its past and present unlawful employment practices.

B.   Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

C.   Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

D.   Order Defendant to make Plaintiff whole by awarding her a promotion to the same or similar position as those for which she was denied based on the unlawful practice(s) complained of above, together with compensation for past and future pecuniary and non-pecuniary losses from the same, in amounts to be determined at trial

E.   Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.   Award Plaintiff her reasonable attorneys' fees pursuant to Title VII, 42 U.S.C. § 1988, and as may otherwise be provided by law.

G.   Assess the costs of this action to Defendant.

H.   Grant such other and further relief as the Court deems just and proper.

JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

DATED this the 4th day of October 2018.

Respectfully submitted:

/s/ KEVIN PATRICK HARRISON
Kevin Patrick Harrison NC Bar No. 46089
Attorney for Plaintiff
GARRETT, WALKER, AYCOTH & OLSON
436 Spring Garden Street
Greensboro, North Carolina 27401
Telephone: (336) 379-0539
E-mail: kevin@gwa-law.com