IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SAMANTHA LORENZEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VOLVO GROUP NORTH AMERICA, ) <br> LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:18-cv-00847-UA-JLW |

## ANSWER

COMES NOW Defendant Volvo Group North America, LLC ("Defendant" or "Volvo"), by and through its undersigned counsel of record, and responds to the allegations set forth in the Complaint filed by Plaintiff Samantha Lorenzen as follows:

## FOR A FIRST DEFENSE

With regard to the specific paragraphs of the Complaint, Volvo responds as follows:

1. With regard to the allegations set forth in the "Nature of the Action" paragraph of the Complaint, Volvo admits only that Plaintiff brings this action under Title VII, the ADEA, and Title I of the Civil Rights Act of 1991. Volvo denies the remaining allegations in the "Nature of the Action" paragraph of the Complaint.

2. Volvo admits the allegations in Paragraph 1 of the Complaint to the extent they allege that this Court has jurisdiction over this action. Volvo denies the remaining allegations in Paragraph 1 of the Complaint.

1

3. Volvo admits the allegations in Paragraph 2 of the Complaint to the extent they allege that venue is appropriate in the United States District Court for the Middle District of North Carolina. Volvo denies the remaining allegations in Paragraph 2 of the Complaint.

4. Upon information and belief, Volvo admits the allegations in Paragraph 3 of the Complaint.

5. Volvo admits the allegations in Paragraph 4 of the Complaint.

6. Volvo admits the allegations in Paragraph 5 of the Complaint.

7. Volvo admits the allegations in Paragraph 6 of the Complaint.

8. Volvo admits the allegations in Paragraph 7 of the Complaint.

9. Volvo admits the allegations in Paragraph 8 of the Complaint.

10. Volvo admits the allegations in Paragraph 9 of the Complaint to the extent they allege that Plaintiff filed her Charge of Discrimination within 180 days of the alleged discriminatory acts set forth in the Charge. Volvo denies the remaining allegations in Paragraph 9 of the Complaint.

11. Volvo admits the allegations in Paragraph 10 of the Complaint.

12. The allegations in Paragraph 11 of the Complaint consist of legal conclusions to which no response is required by Volvo. To the extent that a response is required, Volvo denies those allegations.

13. Volvo admits the allegations in Paragraph 12 of the Complaint.

14. Volvo is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 13 of the Complaint that Plaintiff has over twenty years of overall experience in logistics, and thus Volvo denies that allegation. Volvo admits the remaining allegations in Paragraph 13 of the Complaint.

15. Volvo admits the allegations in Paragraph 14 of the Complaint to the extent they allege that Plaintiff completed Volvo's Emerging Leadership Training program in 2013. Volvo denies the remaining allegations in Paragraph 14 of the Complaint.

16. Volvo admits the allegations in Paragraph 15 of the Complaint.

17. Volvo admits the allegations in Paragraph 16 of the Complaint.

18. Volvo admits the allegations in Paragraph 17 of the Complaint to the extent they allege that Volvo hired Patrick Brown, who was then under age 30, for the Head of Transport Flow Optimization position. Volvo denies the remaining allegations in Paragraph 17 of the Complaint.

19. Volvo denies the allegations in Paragraph 18 of the Complaint.

20. Volvo denies the allegations in Paragraph 19 of the Complaint

21. In response to Paragraph 20 of the Complaint, Volvo repeats and incorporates by reference each and every response set forth in paragraphs 1 through 19 of this Answer.

22. Volvo admits the allegations in Paragraph 21 of the Complaint.

23. Volvo admits the allegations in Paragraph 22 of the Complaint.

24. Volvo admits the allegations in Paragraph 23 of the Complaint to the extent they allege that Plaintiff met the minimum qualifications for the Transport Materials Director and Head of Transport Flow Optimization positions. Volvo denies the remaining allegations in Paragraph 23 of the Complaint.

25. Volvo admits the allegations in Paragraph 24 of the Complaint to the extent they allege that male applicants were selected for the Transport Materials Director and Head of Transport Flow Optimization positions. Volvo denies the remaining allegations in Paragraph 24 of the Complaint.

26. Volvo denies the allegations in Paragraph 25 of the Complaint.

27.     Volvo denies the allegations in Paragraph 26 of the Complaint.

28.     Volvo denies the allegations in Paragraph 27 of the Complaint.

29.     In response to Paragraph 28 of the Complaint, Volvo repeats and incorporates by reference each and every response set forth in paragraphs 1 through 27 of this Answer.

30.     Volvo admits the allegations in Paragraph 29 of the Complaint.

31.     Volvo admits the allegations in Paragraph 30 of the Complaint.

32.     Volvo admits the allegations in Paragraph 31 of the Complaint to the extent they allege that Plaintiff met the minimum qualifications for the Head of Transport Flow Optimization position. Volvo denies the remaining allegations in Paragraph 31 of the Complaint.

33.     Volvo admits the allegations in Paragraph 32 of the Complaint to the extent they allege that the Head of Transport Flow Optimization position was filled with an employee under age 40. Volvo denies the remaining allegations in Paragraph 32 of the Complaint.

34.     Volvo denies the allegations in Paragraph 33 of the Complaint.

35.     Volvo denies the allegations in Paragraph 34 of the Complaint.

36.     Volvo denies the allegations in Paragraph 35 of the Complaint.

37.     Volvo denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" paragraphs of the Complaint.

38.     Volvo denies any allegations in the Complaint that have not been specifically admitted, denied, or referred to on information or belief.

**FOR A SECOND DEFENSE**

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

Some or all of the relief sought by Plaintiff is barred to the extent that Plaintiff has failed to mitigate her damages.

## FOR A FOURTH DEFENSE

Some or all of the relief sought by Plaintiff may be barred by the doctrines of waiver, unclean hands, laches, and/or estoppel.

## FOR A FIFTH DEFENSE

Some or all of the claims and/or relief sought by Plaintiff in the Complaint are barred to the extent that Plaintiff failed to exhaust administrative remedies and procedural prerequisites for bringing a private action under the Age Discrimination in Employment Act ("ADEA") or Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## FOR A SIXTH DEFENSE

Plaintiff's claims are barred on the basis that Volvo's employment actions were based on legitimate, non-discriminatory business reasons.

## FOR AN SEVENTH DEFENSE

Notwithstanding the general denials and previous defenses set forth herein, to the extent that Plaintiff establishes that any prohibited criteria was a motivating factor for any employment decision challenged by Plaintiff, Volvo would have taken the same action in the absence of such an impermissible motivating factor.

## FOR AN EIGHTH DEFENSE

Any award of damages to Plaintiff should be limited or precluded pursuant to the after-acquired evidence doctrine, as may be applicable.

### FOR A NINTH DEFENSE

Volvo has not engaged in any act constituting willful misconduct, demonstrating wantonness, oppression, want of care or any other conduct of any type whatsoever which could support an award of punitive damages under applicable law.

### FOR A TENTH DEFENSE

Any award or damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which her claims rest. Alternatively, in the event that the Plaintiff is granted relief under her claims, such relief should be limited by the applicable provisions of Title VII, the ADEA, and/or any other state or federal law.

### FOR AN ELEVENTH DEFENSE

Volvo has made good-faith efforts to prevent discrimination in the workplace and to comply with Title VII, the ADEA, and all other applicable employment laws. In the event that Volvo is determined to have violated Title VII or the ADEA, which Volvo denies, such violation was in good faith and Volvo had reasonable grounds for believing that its actions did not violate Title VII or the ADEA.

### FOR A TWELFTH DEFENSE

Volvo reserves the right to amend its Answer or add further defenses that may become known after the filing of this pleading.

Wherefore, Volvo requests that judgment be entered in its favor, that the Plaintiff's Complaint be dismissed with prejudice, and that the Court enter an Order granting to Volvo its

attorneys' fees, costs, and expenses, as well as other relief deemed just and equitable under the circumstances incurred in defending this action.

Respectfully submitted, this the 11th day of December, 2018.

>Respectfully submitted,
>
>*s/ John W. Sulau*
>John W. Sulau (N.C. Bar No. 47171)
>JACKSON LEWIS P.C.
>15 South Main St., Suite 700
>Greenville, South Carolina 29601
>Telephone: 864-232-7000
>John.Sulau@jacksonlewis.com
>
>*ATTORNEYS FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically serve all counsel of record, including:

Kevin Patrick Harrison, Esq.
GARRETT, WALKER, AYCOTH & OLSON
436 Spring Garden St.
Greensboro, NC 27401

*s/ John W. Sulau*

8